# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 10, 2006

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

127780 & (95)

BEVERLY HEIKKILA, as Personal
Representative of the ESTATE OF SHERI
L. WILLIAMS,
             Plaintiff-Appellee,

v

NORTH STAR TRUCKING, INC.,
             Defendant,
and

MARC ROLLAND SEVIGNY and J.R.
PHILLIPS TRUCKING, LTD.
             Defendants-Appellees,
and

NORTH STAR STEEL CO.,
             Defendant-Cross-
             Plaintiff-Appellant,
v

INTERNATIONAL MILL SERVICE, INC.
             Defendant/Cross-
             Defendant-Appellee.
_____/

SC: 127780
COA: 246761
Monroe CC: 00-011135-NI

On January 11, 2006, the Court heard oral argument on the application for leave to appeal the December 7, 2004 judgment of the Court of Appeals. On order of the Court, the motion to disqualify is DENIED. The application for leave to appeal is again considered. In lieu of granting leave to appeal, we REVERSE, in part, the judgment of the Court of Appeals and REINSTATE summary disposition for appellant North Star Steel Company, for the reasons stated in part II of Court of Appeals Judge Kelly's concurrence and dissent. MCR 7.302(G)(1).

CAVANAGH, J., would deny leave to appeal.

WEAVER, J., would deny leave to appeal and states as follows:

I do not participate in deciding plaintiff's motion to disqualify Chief Justice Taylor and Justices Corrigan, Young, and Markman. This Court should publish proposals for public comment, place the issue on a public hearing for administrative matters, resolve, and make clear for all to know the proper procedures for handling motions for the recusal of Supreme Court justices from participation in a case. *See Scalise v Boy Scouts of America,* 473 Mich 853 (2005). This Court opened an administrative file on the question on May 20, 2003, but has yet to address the matter. *See* ADM 2003-26.

The question regarding the participation or nonparticipation of justices frequently recurs and is a matter of public significance because even one justice's decision to participate or not participate may affect the decision and outcome in a case. See *Advocacy Org for Patients & Providers v Auto Club Ins Ass'n*, 472 Mich 91, 96-104 (2005) (Weaver, J., concurring).

KELLY, J., would deny leave to appeal and states as follows:

I do not participate in the decision to deny the motion to disqualify. I agree with Justice Weaver in urging the Court to establish a particularized procedure to handle motions to disqualify a Supreme Court justice from participation in a case.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 10, 2006

d0307

Clerk